[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14765
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 29, 2012
JOHN LEY
CLERK

D.C. Docket No. 7:11-cr-00016-HL-TQL-1


UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

versus

JUAN ANTONIO TORRES-VASQUEZ,

                                                      Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 29, 2012)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty, Juan Antonio Torres-Vasquez appeals his 18-month sentence imposed for reentry of a deported alien previously convicted of a felony, in violation of 8 U.S.C. § 1326(a) and (b)(1). On appeal, Torres-Vasquez argues that his sentence was procedurally and substantively unreasonable. After review, we affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable under the totality of the circumstances. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We ordinarily expect a sentence within the guidelines range to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentence bears the burden of proving the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. Id.[1]

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The weight to be given any particular factor is left to the sound discretion of the district court. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191.

Torres-Vasquez has not shown that his 18-month sentence, in the middle of the advisory guidelines range of 15 to 21 months' imprisonment, was procedurally or substantively unreasonable. The record belies Torres-Vasquez's claims that the district court ignored his mitigating factors—his work ethic and family devotion—and relied solely on Torres-Vasquez's four prior illegal entries. The district court acknowledged Torres-Vasquez's arguments in mitigation and, after considering the § 3553(a) factors, concluded that a sentence within the advisory guidelines range was appropriate.[2]

---

[2]Torres-Vasquez also argues, without citing to any authority, that the district court violated the "parsimony principle" when it failed to make an explicit finding on the record that a lesser sentence was insufficient to comply with the statutory purposes of sentencing. The district court is not required to "incant the specific language" of § 3553(a). United States v. Bonilla, 463 F.3d 1176, 1182 (11th Cir. 2006). Moreover, in reviewing the sentencing transcript as a whole, we find no evidence the district court did not comply with its statutory obligation to consider the § 3553(a) factors and then impose a sentence that was "not too short and not too long," see United States v. Irey, 612 F.3d 1160, 1197 (11th Cir. 2010) (en banc), cert. denied, 131 S. Ct. 1813 (2011), and was within the "range of reasonable sentences." See Talley, 431 F.3d at 788.

Moreover, the district court had a reasoned basis for choosing a sentence in the middle of the advisory range, specifically, Torres-Vasquez's recidivism and his criminal history. Torres was first deported to Mexico in January 2008. In August 2008, he was apprehended trying to reenter the United States illegally and immediately returned to Mexico. When, in January 2009, Torres-Vasquez again was caught trying to enter the country, he was convicted in the Southern District of Texas of felony reentry of a deported alien. After serving a six-month prison sentence, Torres-Vazquez was deported to Mexico on July 24, 2009.

The six-month sentence proved to be no deterrence, however, because Torres-Vasquez was back in the United States by October 16, 2010, when he was arrested in Georgia on state charges of driving under the influence. In addition to his 2009 felony reentry conviction, Torres-Vasquez's criminal history in the United States includes numerous convictions between 2003 and 2010 for driving under the influence and driving without a license. Under the totality of the circumstances, we cannot say the district court abused its discretion when it imposed an 18-month sentence.

**AFFIRMED.**